## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
      Plaintiff,

                                Case Nos. 3:22-cr-00082 (RAM),
                                        3:22-cr-00088 (ADC)

v.

MARCOS PAGAN-RODRIGUEZ,
      Defendant.

_____/

## MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2) AND AMENDMENT 821 TO THE UNITED STATES SENTENCING GUIDELINES

Comes now the Defendant, Marcos Pagan-Rodriguez, pro se, and files this motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing Guidelines. This brief is submitted in the interest of aiding the Court in its interpretation and application of Amendment 821, particularly Part A, in a manner consistent with congressional intent, the Sentencing Commission's goals of uniformity and proportionality, and the constitutional principles of fairness and due process. The Defendant respectfully moves this Honorable Court to reduce his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. In support of this Motion, Mr. Pagán-Rodríguez states as follows:

## LIBERAL CONSTRUCTION/PRO SE

The Petitioner is proceeding pro se in the cause and requests liberal construction of her pleadings. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court may hold the pleadings of a pro se litigant to less stringent standards than formal pleadings drafted by lawyers. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The filings of pro se litigants should be construed liberally and facts, arguments, evidence presented, should be given full effect of consideration.

## STATEMENT OF THE ISSUE

The Defendant Marcos Pagán-Rodriguez is eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821, Part A, because his criminal history category was enhanced by two status points under § 4A1.1(d) for conduct related to a consolidated federal case. The original sentence was based on a guideline range affected by status points assessed under § 4A1.1(d). Amendment 821 reduces those status points from 2 to 1 under § 4A1.1(e) for defendants with seven or more criminal history points.

The amended calculation materially lowers the Defendant's criminal history category. The Sentencing Commission explicitly made Amendment 821 retroactive. 18 U.S.C. § 3582(c)(2) authorizes courts to reduce a sentence when a guideline range has been lowered retroactively. Thus, the Defendant qualifies for relief under the plain text of § 3582(c)(2) and U.S.S.G. § 1B1.10.

## ARGUMENT

### I. LEGAL FRAMEWORK FOR RETROACTIVE SENTENCING REDUCTIONS

Under 18 U.S.C. § 3582(c)(2), a court may reduce a term of imprisonment:

> "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

The relevant policy statement is U.S.S.G. § 1B1.10, which, as amended, explicitly includes Amendment 821 in the list of retroactively applicable amendments, effective February 1, 2024. The amendment applies retroactively when:

- The original sentence was based on a guideline range affected by the amended guideline; and

- The new calculation results in a lower applicable guideline range.

The Supreme Court in Dillon v. United States, 560 U.S. 817 (2010), confirmed that courts may reduce sentences under § 3582(c)(2) in two steps:

1. Determine the defendant's eligibility and the new guideline range.

2. Consider the § 3553(a) factors to decide whether a reduced sentence is appropriate.

## II. AMENDMENT 821: PURPOSE AND SCOPE

Amendment 821, enacted by the U.S. Sentencing Commission in 2023, makes two principal changes to the criminal history calculation:

- Part A: Reduces the "status point" enhancement under § 4A1.1(d) from 2 points to 1 point for defendants who otherwise have 7 or more total criminal history points.

- Part B: Creates a 2-level reduction for zero-point offenders (not relevant here).

The Sentencing Commission explained that the prior 2-point status enhancement disproportionately impacted defendants who already had lengthy criminal histories, leading to excessive sentences. See U.S. Sentencing Commission, Amendment 821 Summary (2023). The Commission determined that the amendment was remedial in nature and aligned with the policy of reducing unnecessary incarceration while maintaining public safety.

## III. APPLICATION TO MR. PAGAN-RODRIGUEZ

The PSR in this matter assessed two criminal history points under § 4A1.1(d), based on Mr. Pagán-Rodríguez being under federal supervision or indictment from a separate case (3:22-cr-00082), consolidated with the instant offense (3:22-cr-00088). Amendment 821, Part A, mandates that for a defendant with 7 or more criminal history points, only 1 point shall be assessed under the new § 4A1.1(e). This directly applies to

Mr. Pagán-Rodríguez. The change:

- Reduces his total criminal history points;
- Potentially drops him to a lower criminal history category;
- Results in a lower sentencing range;
- Triggers eligibility under § 3582(c)(2) and § 1B1.10.

## IV. CONSOLIDATED FEDERAL CASES DO NOT PRECLUDE RELIEF

Even if status points resulted from pending charges that were later consolidated, such a scenario does not disqualify the defendant from relief under Amendment 821. The Sentencing Commission did not limit the retroactive application based on whether the prior offense was later consolidated. What matters is whether the original guideline calculation included status points. In *United States v. Munoz,* 965 F.3d 548 (7th Cir. 2020), the court clarified that where the Sentencing Commission makes an amendment retroactive and the recalculated range is lower, the district court has the authority to act, regardless of plea agreement language or procedural history.

## V. SENTENCE REDUCTION ANALYSIS

*ORIGINAL GUIDELINE CALCULATION (Pre-Amendment 821)*

| Guideline Component - Original Value | |
|---|---|
| Base Offense Level (e.g., drug weight, §2D1.1) | 28 |
| Specific Offense Characteristics(e.g., firearm, leadership) | +2 |
| Acceptance of Responsibility (§3E1.1) | −3 |
| Total Offense Level | 27 |
| Criminal History Points | 8 |
| Status Points (§4A1.1(d))(e.g., under supervision) | +2 |
| Total Criminal History Points | 8 |
| Criminal History Category | IV |
| Guideline Range (pre-821) | 100–125 months |

*AMENDED GUIDELINE CALCULATION (Post-Amendment 821 – Part A)*

Guideline Component- Amended Value

| | |
|---|---|
| Base Offense Level | 28 |
| Specific Offense Characteristics | +2 |
| Acceptance of Responsibility (§3E1.1) | –3 |
| Total Offense Level | 27 |
| Criminal History Points (Revised) (Status points reduced from 2 to 1) | 7 |
| Amended Criminal History Category | III |
| Guideline Range (post-821) | 87–108 months |

Category - Value

| | |
|---|---|
| Original Range | 100–125 months |
| Amended Range | 87–108 months |
| Proposed New Sentence | [e.g., 87 months] |
| Estimated Reduction | [e.g., 13–17 months] |
| Effective Date | February 1, 2024 or later |

*NOTES & CONSIDERATION*

Defendant received 2 status points due to pending supervision or indictment in another federal case (3:22-cr-00082), which qualifies for reduction to 1 point under §4A1.1(e). Total criminal history drops from 8 to 7, reducing Criminal History Category from IV to III, triggering a lower sentencing range under §1B1.10.

Defendant is eligible under Amendment 821, Part A, as he had ≥7 criminal history points; Status points were assessed under §4A1.1(d); Reduction changes his criminal history category; No statutory mandatory minimum prohibits reduction.

## VI. SENTENCING EQUITY AND THE FIRST STEP ACT'S POLICY GOALS

Congress, through the First Step Act of 2018, and the Commission, through Amendment 821, reflect a shared commitment to sentencing reform and rehabilitation. Applying Amendment 821 promotes:

- Uniformity in criminal history scoring;
- Proportionality in punishment;
- Rehabilitation through reward of post-sentencing conduct;
- Alignment with broader decarceration goals.

A sentence reduction here furthers these goals. As recognized in *Pepper v. United States*, 562 U.S. 476 (2011), courts may consider post-sentencing rehabilitation when adjusting sentences. Mr. Pagán-Rodríguez's conduct while incarcerated should further support a reduction.

## CONCLUSION

For the foregoing reasons, the Court should grant Mr. Pagán-Rodríguez's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. Doing so is not only legally authorized, but just, equitable, and in full alignment with congressional and Commission directives.

Dated: 07/30/2025

Respectfully Submitted,

/s/

Marcos Pagán-Rodríguez
# 17892-069
FCI Fort Dix
P.O. BOX 2000
JOINT BASE MDL, NJ 08640

## CERTIFICATE OF SERVICE

I swear under the penalty of perjury that I have mailed and caused to be served, a copy of the foregoing pleading, upon the U.S. Attorney's Office for the District of Puerto Rico and the Clerk for the U.S. District Court, District of Puerto Rico. On this 30 Day of July 2025. In Fort Dix, NJ 08640.

/s/ _____
Marcos Pagan-Rodriguez

8